IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR AMMOURI | : | CIVIL ACTION |
| v. | : | |
| EDWARD KLUM, et al. | : | NO.  06-3887 |

REPORT AND RECOMMENDATION

THOMAS J. RUETER                                                                                    May 30, 2007
United States Magistrate Judge

Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The Commonwealth filed a Response (Doc. No. 11) and petitioner filed a Reply thereto (Doc. No. 14).  For the reasons stated below, this court recommends that the petition be denied.

I.      BACKGROUND

On June 10, 1992, the Honorable Michael Stiles, sitting in the Court of Common Pleas for Philadelphia County, found petitioner guilty of third-degree murder, criminal conspiracy and possessing an instrument of crime.  Commonwealth v. Ammouri, No. CP 3133, 3136, 3137-0490 (C.P. Phila.).  Petitioner was sentenced to a term of imprisonment of nine to twenty-five years.  (Resp. Ex. 1 (Department of Corrections ("DOC") Sentence Status Summary).)  Petitioner's minimum release date was February 23, 1999, and his maximum release date was and remains February 23, 2015.

Petitioner was paroled on June 7, 2000, but was recommitted as a technical parole violator on October 15, 2001.  On March 13, 2003, the Pennsylvania Board of Probation and Parole (the "Board") granted petitioner re-parole, subject to certain conditions including

residence in and successful discharge from a Community Corrections Center "(CCC"). (Resp. Ex. 2 (Notice of Board Decision).) Petitioner's actual re-release date was May 19, 2003. (Resp. Ex. 3 (Order to Release on Parole/Reparole).) On September 18, 2003, petitioner was arrested and accused of assaulting his CCC's Director of Operations, William Tillman. (Resp. Ex. 4 (ADAPPT House – Anomalous Discharge Form).) As a result, petitioner was unsuccessfully discharged from the CCC. Id. On September 16, 2004, a jury sitting in the Court of Common Pleas for Berks County found petitioner not guilty of simple assault and harassment charges arising from the September 2003 incident at the CCC. (Resp. Ex. 5.)

Following petitioner's arrest, the Board lodged a detainer against petitioner. (Resp. Ex. 6 (Detainer).) On November 1, 2004[1], after petitioner's acquittal on the assault and harassment charges, the Board convened a parole violation hearing at SCI – Graterford. (Resp. Ex. 7 (Parole Violation Hearing Transcript).) At the beginning of the hearing, petitioner was offered representation by counsel. Id. at 4-6. Petitioner declined representation both orally and in writing. Id.; Resp. Ex. 8 (Waiver of Representation of Counsel). The public defender who was present to represent petitioner was dismissed. (Resp. Ex. 7 at 5-6.)

Petitioner's parole officer, Ms. Kremer-Morales, testified at the hearing that petitioner's removal from the CCC for any reason other than successful completion of the program was a parole violation. Id. at 7. The parole officer explained that petitioner was unsuccessfully discharged from the CCC because he was arrested. Id. at 38. Petitioner objected stating that because he was found not guilty of the assault at the CCC, he should not have been

---

[1] Petitioner was granted a preliminary hearing on October 2, 2003, which he asked to have continued pending the outcome of the criminal charges against him relating to the CCC. (Resp. Ex. 7 at 8.)

removed from the CCC and, therefore, no violation occurred. Petitioner also argued that the Board was re-litigating the criminal charges of which the jury found him not guilty. Id. at 8-9. The Board denied his objections. Id. at 9-10.

Following the hearing, the Board found petitioner to be a technical parole violator for failing to successfully complete the CCC program and petitioner was ordered to serve fifteen months backtime. (Resp. Ex. 9.) Petitioner filed an administrative appeal with the Board which the Board denied on February 1, 2005. (Resp. Ex. 11.) Petitioner appealed this decision to the Commonwealth Court of Pennsylvania, which affirmed the Board's decision. Ammouri v. Pennsylvania Bd. of Prob. and Parole, No. 392 C.D. 2005 (Pa. Commw. Ct. Oct. 17, 2005) (Resp. Ex. 12). Petitioner then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied by the court by order dated June 22, 2006. (Resp. Ex. 13.)

Petitioner filed the instant petition for a writ of habeas corpus on August 31, 2006 raising three issues: (1) petitioner was denied a preliminary hearing and/or his preliminary hearing violated due process because he was denied counsel, no evidence of the circumstances of the violation were presented, and the notice of parole violations was improper; (2) the doctrine of collateral estoppel bars relitigation of the underlying assault charge of which plaintiff was acquitted; and (3) the decision to recommit plaintiff was arbitrary and capricious and violated his substantive due process rights. (Pet. ¶ 12; Pet.'s Mem. of Law Supp. Pet. at 5-14.)[2]

---

[2] Petitioner had filed a previous petition for a writ of habeas corpus in which he claimed that the Board impermissibly denied him parole. The petition was dismissed without prejudice for failure to exhaust state court remedies. Ammouri v. Commonwealth, Civil Action No. 99-30 (E.D. Pa. Jan. 12, 1999), Report and Recommendation approved and adopted by, Order dated Feb. 8, 1999 (Newcomer, J.)

## II.  DISCUSSION

### A.  Habeas Corpus Standards

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority. Id. at 406-08. See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir.) (en banc) (to obtain relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; . . . petitioner must demonstrate that Supreme Court precedent requires the contrary outcome") (emphasis in original), cert. denied, 528 U.S. 824 (1999).

4

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. See Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent") (quoting Matteo, 171 F.3d at 890), cert. denied, 532 U.S. 980 (2001).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable factfinder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state court, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A federal court considering habeas relief may not consider a petitioner's claims of state law violations, but must limit its review to issues of federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (not the province of a federal habeas court to re-examine state court determinations of state law); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

B. **Petitioner's Claims**

1. **Claim No. 1 – Procedural Due Process**

Petitioner alleges several violations under his general heading of due process violations. The court will address each claim separately.

a. **Preliminary Hearing.** Petitioner states that on October 2, 2003, a preliminary parole revocation hearing was held at Berks County Prison. At the preliminary hearing, petitioner received notice of the alleged parole violation, i.e., unsuccessful completion of the CCC program due to his arrest for the physical assault of the CCC director. (Reply at 5 and Ex. A (citing to Condition No. 7).) Petitioner contends that he requested to be represented by counsel. Id. Petitioner asserts that once he requested counsel, the hearing examiner terminated the preliminary hearing and the examiner failed to reschedule the hearing within fourteen days. Id. at 6 (citing 37 Pa. Code § 71.2(5)(iii)). See also Pet.'s Mem. of Law Supp. Pet. at 5-7.

Petitioner's assertions are belied by the exhibits attached to his Reply. Petitioner himself requested that the preliminary hearing be continued because of the pending criminal proceedings relating to the alleged assault of Mr. Tillman. (Reply Ex. B.) Petitioner signed a form and checked the box indicating that the hearing should be continued until further written notice from the parolee. Id. Petitioner confirmed that he requested the hearing be continued in his testimony at his Panel Violation Hearing on November 1, 2004 conducted at SCI – Graterford. (Resp. Ex. 7.) At the Panel Violation Hearing, petitioner testified that on "October 2 of 2003 I was given a preliminary hearing before a Hearing Examiner. I requested that the case be continued pending the outcome of the criminal charges because the criminal charges was [sic] directly related to the technical parole violation." Id. at 8. Hence, the preliminary hearing was

6

continued at petitioner's request and until such time as petitioner notified the Board the hearing should be rescheduled.

Petitioner argues that he never waived a preliminary hearing but merely asked that it be continued. Petitioner admits in his Reply that "[o]n September 29, 2004, petitioner requested a violation hearing be scheduled before a panel." (Reply at 7 and Ex. D.) A Panel Violation Hearing was scheduled shortly thereafter, on November 1, 2004. (Resp. Ex. 7.) The evidence shows that petitioner's requests were honored. At the November 1, 2004 Panel Violation Hearing, petitioner was able to present evidence and cross examine witnesses. Id. The Commonwealth Court addressed this issue finding as follows:

> In Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756 (1973), the United States Supreme Court relying on Morrissey emphasized that due process entitles a parolee to a preliminary hearing prior to the revocation hearing to determine whether probable cause existed to show that a parole violation had been committed. The parties agree here that a preliminary hearing was held, and the record includes a preliminary hearing notice of the violation and a written report finding probable cause. [Petitioner] was not deprived of any due process right to a probable cause determination, especially when the hearing examiner postponed the revocation hearing at [petitioner's] request until resolution of the criminal case. [Petitioner] had an opportunity at the revocation hearing to present evidence relating to his acquittal, and there is no indication that he was prohibited from producing evidence related to Tillman's injuries at the preliminary hearing,

Ammouri v. Pennsylvania Brd. of Prob. and Parole, No. 392 C.D. 2005, slip op. at 4-5 (Pa. Commw. Ct. Oct. 17, 2005). (Resp. Ex. 12.)

      **b.**    **Denial of Counsel.** Next, petitioner argues that his due process rights were violated because he was denied counsel at the preliminary hearing. (Pet.'s Mem. of Law Supp. Pet. at 5-7; Reply at 5-6, 9.) Generally, a parolee has no constitutional right to counsel at a parole revocation hearing. Gagnon v. Scarpelli, 411 U.S. 778, 787-90 (1973). This issue does

not arise in this case.  Here, the record clearly shows, and petitioner does not dispute, that he rejected representation by counsel.  At the November 1, 2004 Panel Violation Hearing, the following exchange took place between Allen Castor, a Board member, and petitioner:

| | |
|---|---|
| [Castor]: | Mr. Ammouri, before we go any further we need to discuss this whole issue about you representing yourself, or is it your desire today, sir, to go forward without attorney representation and represent yourself? |
| [Petitioner]: | Yes, it is. |
| [Castor]: | Is this a Waiver of Representation by Counsel that you signed today? |
| [Petitioner]: | Yes, sir. |
| [Castor]: | All right.  Let me read that waiver once for the record, sir.  "Having been fully advised of the right to counsel of my choice to represent me at a hearing before the Board and of my right to appointed counsel if I can not afford counsel of my choice, I hereby waive this right and request that my hearing be held without counsel."  Is this waiver made of your own free will without threat or coercion? |
| [Petitioner]: | Yes, it was. |
| [Castor]: | Good.  You want to do it? |
| [Petitioner]: | Yes, sir. |
| [Castor]: | Is that your signature dated November 1, 2004? |
| [Petitioner]: | Yes, sir. |
| [Castor]: | Okay.  Additionally and just to make certain that, are you aware of the fact that if you ask me to, even now, I will grant you the right to have the public defender take over and represent you today. |
| [Petitioner]: | I didn't understand. |
| [Castor]: | Are you aware of the fact that even now I will give you an opportunity to withdraw this and have the public defender take over and represent you today? |
| [Petitioner]: | I'll represent myself. |
| | . . . . |
| [Castor]: | All right.  We'll dismiss the public defender, Mr. Ammouri, and you're going forward on your own, correct? |
| [Petitioner]: | Yes, sir, I will. |

(Resp. Ex. 7 (Panel Violation Hearing Transcript) at 4-6.)

The evidence shows that petitioner was given ample opportunity to be represented by counsel at the Panel Violation Hearing and he declined to accept such representation.  See also Resp. Ex. 8 (Waiver of Representation by Counsel).

        **c.**      **Notice of Parole Violations.**  Due process requires a parolee be given notice of the alleged parole violations.  Gagnon, 411 U.S. at 786.  Petitioner asserts that he was notified that the alleged parole violation was his unsuccessful completion of the CCC program because of his arrest for the alleged assault of the CCC director.  (Reply at 5 and Ex. A (citing to Condition No. 7).)  Petitioner contends that he was not given notice of alleged parole violations for verbal abuse of staff at the CCC and check cashing violations.  (Reply at 6.)  Petitioner maintains that "[i]t is a violation of due process to notify an offender that a revocation hearing will be held on one violation of parole . . . and then proceed to revoke parole . . . based upon different violations of which the offender was not notified."  Id.  At the Panel Violation Hearing on November 1, 2004, petitioner's parole officer read the alleged violation into the record.  The parole officer stated only that petitioner had violated "Condition #7" relating to the unsuccessful completion of the CCC program and cited the supporting evidence as petitioner's alleged assault of the CCC director on September 18, 2003.  (Resp. Ex. 7 at 7-8.)  Moreover, the Board's Notice of Board Decision dated December 21, 2004, indicates that petitioner's parole was revoked for one violation: "violation of condition #7, failure to successfully complete Community Corrections Center program."  (Resp. Ex. 9.)  No evidence supports petitioner's allegations that he was notified of one parole violation but that his parole was revoked on other grounds.

        Petitioner's first claim for habeas relief should be denied because petitioner has failed to show that the adjudication of his claim in the state courts resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### 2. Claim No. 2 – Substantive Due Process

Petitioner next claims that the Board's "decision was arbitrary and capricious, when it knowingly used perjured testimony, when there was no substantial evidence to support its determination." (Reply at 10.) See also Pet.'s Mem. of Law Supp. Pet. at 11-14.

Petitioner has a fundamental right to be free from arbitrary government action. Zannino v. Arnold, 531 F.2d 687, 690 (3d Cir. 1976). To show that discretionary action, like that of a parole board, constitutes a substantive due process violation, there must be a showing that the action taken "shocks the conscience." United Artists Theatre Circuit, Inc. v. The Township of Warrington, PA, 316 F.3d 392, 399-400 (3d Cir. 2003). This standard has been applied to the review of parole board procedure. See Hunterson v. Disabato, 308 F.3d 236, 247 n.10 (3d Cir. 2002) (citation omitted). The Third Circuit also has explained that federal courts "are not to second guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

The Board's actions do not shock the conscience. Petitioner remains fixated upon his acquittal of the criminal charges. Petitioner contends that "[t]he sole basis for the violation of parole is the commision [sic] of a subsequent offense, when he was previously tried and aquitted [sic], the threshold issue in both proceedings is exactly the same, i.e. did the parolee commit the offense." (Reply at 11.) However, the basis for his parole revocation was his failure to obtain a successful discharge from the CCC – a specific condition of his parole. While there is no doubt

that petitioner's failure to obtain a successful discharge from the CCC was related to his altercation with the CCC's director, there also is no dispute that petitioner was unsuccessfully discharged from the CCC. The fact that he was acquitted of the criminal charges only means that petitioner's behavior did not, beyond a reasonable doubt, satisfy each of the required elements of the criminal charges under Pennsylvania law.

>The Commonwealth Court explained as follows:
>
>>[Petitioner] also maintains that the Board acted arbitrarily, unreasonably or capriciously in revoking parole when no substantial evidence exists to support its decision. [Petitioner] suggests that his acquittal proves that he was not at fault for his unsuccessful discharge, and he requests the Court to adopt the reasoning in Hudak v. Pennsylvania Board of Probation and Parole, 575 A.2d 439 (Pa. Cmwlth. 2000), and to hold that the Board failed to meet its burden of showing that [petitioner] was somewhat at fault for being discharged from ADAPPT. . . .
>>
>>Substantial evidence has been defined as evidence that a reasonable mind would find sufficient to support a conclusion . . . , and is more than a scintilla creating a mere suspicion of facts . . .. The Board based its decision to recommit [petitioner] on the testimony of Kremer-Morales and Tillman and the ADAPPT program discharge form, all of which support the finding that [petitioner] violated parole condition #7. Unlike the parolee in Hudak, [petitioner] had complete control over his actions and the fact that a jury acquitted [petitioner] of simple assault against Tillman does not preclude a contrary finding by the Board.

Ammouri v. Pennsylvania Brd. of Prob. and Parole, No. 392 C.D. 2005, slip op. at 6-7 (Pa. Commw. Ct. Oct. 17, 2005) (citations omitted).

The Board did not conclude, as petitioner charges, "counter to the results of a jury at a criminal trial, that an offense had occurred and that it could provide the basis for revocation." (Reply at 12.) The Board concluded that petitioner failed to successfully complete the CCC program, a violation of condition number 7 of his parole. (Resp. Ex. 9.)

11

Petitioner's second claim for habeas relief should be denied because petitioner has failed to show that the adjudication of his claim in the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### 3.    Claim No. 3 – Collateral Estoppel

Lastly, petitioner argues that the doctrine of collateral estoppel bars the Board from finding him in violation of his parole. (Pet.'s Mem. of Law Supp. Pet. at 7-11.) As noted by the Commonwealth Court, the issue before the Board was not whether petitioner was guilty beyond a reasonable doubt of the criminal charges, but whether, by the preponderance of the evidence, he was unsuccessfully discharged from the CCC. See Ammouri v. Pennsylvania Brd. of Prob. and Parole, No. 392 C.D. 2005, slip op. at 5 (Pa. Commw. Ct. Oct. 17, 2005) ("The Board correctly frames the issue here as whether by a preponderance of the evidence the record shows that Ammouri was somewhat at fault for his unsuccessful discharge from ADAPPT as opposed to whether he assaulted Tillman in violation of the Crimes Code.") (footnote omitted). The Pennsylvania courts have held that the principle of collateral estoppel "does not apply to Board revocation proceedings since the technical conditions of parole cover a wider range of conduct than the related provisions of the Crimes Code." Wallace v. Pennsylvania Brd. of Prob. and Parole, 548 A.2d 1291, 1294 (Pa. Commw. Ct. 1988).[3]

---

[3]   The only exception is where the parolee's only defense at the criminal trial was an alibi and the result of the trial was an acquittal. Wallace, 548 A.2d at 1294. In that situation, the revocation officer is bound by the finding that the parolee was not present at the scene of the incident. Here, petitioner did not raise an alibi defense at trial. Petitioner admitted that he was involved in an altercation with CCC Director Tillman, but contends that he did not instigate the

Petitioner alleges that the Pennsylvania Supreme Court's ruling in <u>Commonwealth v. Brown</u>, 469 A.2d 1371 (Pa. 1983), requires application of collateral estoppel to his parole revocation proceeding. (Reply at 13-14.) The Commonwealth Court explained, however, that the "doctrine of collateral estoppel discussed in <u>Brown</u> is limited to probation revocation proceedings and does not apply to parole revocation proceedings." <u>Ammouri v. Pennsylvania Brd. of Prob. and Parole</u>, No. 392 C.D. 2005, slip op. at 6 (Pa. Commw. Ct. Oct. 17, 2005). Hence, <u>Brown</u> does not require application of collateral estoppel principles in this parole revocation case.

Lastly, petitioner urges that the Pennsylvania courts' application of collateral estoppel principles in <u>Wallace</u> is "inconsistent with the federal collateral estoppel rule, mandated by the Double Jeopardy Clause of the Fifth Amendment set forth in <u>Ashe v. Swenseon</u> [sic], 397 U.S. 436 . . . (1970)." (Reply at 14.) As the Supreme Court explained, "[c]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." <u>Id.</u> at 443. Here, the parties are not the same. The Board was not a party to petitioner's criminal trial. Moreover, the issues considered were not the same. At petitioner's criminal trial, the issue was whether the evidence proved beyond a reasonable doubt that petitioner had violated the Crimes Code. At the parole revocation hearing, the issue was whether, by a preponderance of the evidence, petitioner was successfully discharged from the CCC.

Petitioner's third claim for habeas relief should be denied because petitioner has failed to show that the adjudication of his claim in the state courts resulted in a decision that was

---

incident.

contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[4]

## III.   CONCLUSION

For all the above reasons, the court makes the following:

**R E C O M M E N D A T I O N**

AND NOW, this 30th day of May, 2007, it is respectfully recommended that the petition for writ of habeas corpus be **DENIED**, and that no certificate of appealability ("COA") be granted.[5]

BY THE COURT:

/s/  Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[4] Petitioner has requested an evidentiary hearing be scheduled regarding his habeas petition. See Pet.'s Mem. of Law Supp. Pet. and Reply (cover pages). Petitioner has not proven his entitlement to an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Petitioner's request for an evidentiary hearing should be denied. See Schriro v. Landrigan, 127 S. Ct. 1933, 1940 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

[5] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).